*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHIE ANN ADAMS,

        Plaintiff-Appellee,

v

EVERETT CASEY YOUKER,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 353793
Mecosta Circuit Court
LC No. 14-022604-DP

Before: SAWYER, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order in which the trial court determined defendant's child support obligation. We remand this matter to the trial court in order for the trial court to provide further explanation of its calculation of defendant's income.

Plaintiff and defendant were never married, but share a son. Defendant owns and operates his own business, Casey's Excavation LLC. For tax purposes, Casey's Excavation uses accelerated depreciation.

This case was initiated in 2014, and since that time has covered a number of issues related to the parties' child, including child support. In July 2019, the trial court ordered defendant to pay plaintiff $1,577 a month in child support. Defendant objected to the trial court's order and argued that the child support calculation was based on an incorrect amount of income for defendant. A hearing was held in September 2019, at which time the trial court reserved its ruling on this issue to allow defendant time to provide evidence of the straight-line depreciation for his company. After receiving a letter from defendant's accountant that indicated that the straight-line

---

[1] *Adams v Youker*, unpublished order of the Court of Appeals, entered October 26, 2020 (Docket No. 353793).

depreciation for Casey's Excavation in 2018 was $277,969.20, the trial court determined that defendant's child support obligation was $1,297.

Defendant objected, and again argued that the calculation of his net income was incorrect. Defendant argued that his actual average monthly cash flow was consistent with a net income of $3,266.71 a month. The trial court held an evidentiary hearing in January 2020, at which time the trial court heard testimony from defendant and his accountant. The trial court determined that defendant's annual income was $213,713 and that his monthly child support obligation was $1,296. Defendant now appeals.

Defendant's sole claim of error in this appeal is that the trial court erred when it calculated his 2018 income for the purpose of calculating defendant's child support obligation. We remand to allow the trial court to provide further explanation of its order entered January 24, 2020.

"Generally, child support orders, including orders modifying child support, are reviewed for an abuse of discretion." *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). Whether the trial court properly applied the Michigan Child Support Formula (MCSF) is a question of law that we review de novo. *Id*. at 179. A trial court's decision to deviate from the formula provided in the MCSF to determine a party's child support obligation is an act of discretion. 2017 MCSF 1.04(A). Factual findings underlying a trial court's decisions regarding child support are reviewed for clear error. *Id*.

Pursuant to statute, the trial court should apply the MCSF in order to determine a party's child support obligation.[2] MCL 552.605(2); 2017 MCSF 1.01(B). The first step in calculating a child support obligation is to calculate both parents' individual incomes. 2017 MCSF 2.01. "Net income" for the purpose of calculating a child support obligation means all income minus the deductions and adjustments permitted by the MCSF. 2017 MCSF 2.01(A). "The objective of determining net income is to establish, as accurately as possible, how much money a parent should have available for support." 2017 MCSF 2.01(B).

The MCSF acknowledges that determining income for self-employed individuals can be difficult. 2017 MCSF 2.01(E)(1). Regarding the calculation of a self-employed parent's income, and how to treat depreciation, the MCSF explained as follows:

> (e) For a variety of historical and policy reasons, the government allows considerable deductions for business-related expenses before taxes are calculated. Those same considerations are not always relevant to monies a parent should have available for child support. Therefore, some deductions should be added back into a parent's income for purposes of determining child support, including:

> \* \* \*

---

[2] Because this hearing took place in 2020, the trial court used the 2017 version of the MCSF. A new version of the MCSF went into effect on January 1, 2021.

(*iii*) Depreciation figured at a straight-line (not accelerated) rate on a parent's (not a corporation's or partnership's) tangible personal property, other than for personal vehicles or home offices, should be deducted from income. Any parent who uses accelerated depreciation for tangible personal property may deduct the value of the straight-line depreciation amount for property other than personal vehicles or home offices, if the parent provides proof of what the straight-line amounts would have been. [2017 MCSF 2.01(E)(4)(e)(*iii*).]

The trial court is required to "comply with the plain language of the MCSF, and may not read language into the MCSF that is not present." *Clarke*, 297 Mich App at 179.

The trial court may order child support in an amount that deviates from the directives of the MCSF if the trial court determines from the facts of the case that application of the MCSF would be unjust or inappropriate. MCL 552.605(2); 2017 MCSF 1.04(A). There is a presumption that the child support obligation determined by the application of the MCSF is appropriate. 2017 MCSF 1.01(B).

If the trial court determines that deviation from the MCSF is required, the trial court must set forth the following either in writing or on the record:

(a) The child support amount determined by application of the child support formula.

(b) How the child support order deviates from the child support formula.

(c) The value of property or other support awarded instead of the payment of child support, if applicable.

(d) The reasons why application of the child support formula would be unjust or inappropriate in the case. [MCL 552.605(2)(a)-(d); 2017 MCSF 1.04(B).]

In the instant case, the trial court used the following formula and provided the following explanation:

First, the accelerated depreciation ($205,271) must be added to the 2018 profit ($80,140). The accelerated depreciation must be added back to the profit for support calculation purposes ($285,411). Then the accelerated depreciation ($205,271) is subtracted from the straight-line ($277,969) giving a value of $72,689. That difference is subtracted from $285,411 from above.

$$\$205,271 + \$80,140 = \$285,411$$

$$\$277,969 - \$205,271 = \$72,698$$

$$\$285,411 - \$72,698 = \$213,713$$

As Defendant's excavation business is a sole proprietorship, and because depreciation is a tax benefit given for tax calculation purposes, for child support purposes it is necessary to add back in the depreciation as shown above.

For child support calculation purposes, Defendant is assessed at $213,713.

This Court reviews each step of the trial court's calculations. Step one of the trial court's calculation is supported by the MCSF. See 2017 MCSF 2.01(E)(4)(e)(*iii*). Under the MCSF, a parent cannot deduct accelerated depreciation from their income for child support purposes. *Id*. It was proper for the trial court to add defendant's accelerated depreciation back into his 2018 income. See *id*. However, the second step of the trial court's calculation does not appear to be supported by the MCSF. The MCSF allows for the deduction of straight-line depreciation from a parent's income, but there is nothing in the MCSF that directs the trial court to deduct from a party's income the difference between straight-line depreciation and accelerated depreciation. See *id*. But that is what the trial court did when it first found the difference between straight-line and accelerated depreciation ($277,969 - $205,271 = $72,698) and then subtracted that difference from $285,411 to arrive at $213,713. The trial court did not explain why it used this formula.

The trial court does have the discretion to deviate from the formula prescribed in the MCSF, but the trial court is required to make specific findings when making such a deviation. See 2017 MCSF 1.04(A), (B)(1); MCL 552.605(2). Such findings were not made by the trial court in this case. To the extent that the trial court was purposefully deviating from the MCSF, it was error to do so without making the required findings. Moreover, the trial court's written order indicates that the trial court did not intend to deviate from the MCSF in its calculation and that the trial court was attempting to calculate defendant's income pursuant to the direction of 2017 MCSF 2.01(E)(4)(e)(*iii*). We, therefore, reject plaintiff's argument that the trial court's calculation was the product of a proper use of discretion to deviate from the MCSF formula.

Regardless of whether the trial court intended to deviate from the MCSF in its calculation of defendant's income, it is necessary to remand this matter to allow the trial court to explain its determination of defendant's income. If the trial court intended to calculate defendant's income pursuant to the MCSF, then the trial court should explain why it only subtracted a portion of defendant's straight-line depreciation from defendant's income. See 2017 MCSF 2.01(E)(4)(e)(*iii*). If the trial court intended to deviate from the MCSF, then the trial court must make the requisite findings pursuant to MCL 552.605(2)(a)-(d).

Defendant also argues on appeal, as he did previously to the trial court, that his actual net income for 2018 was $39,200.52. On appeal, defendant asks this Court to vacate the trial court's order and to direct the trial court "to calculate support based upon the actual available monthly income of Defendant/Appellant." This opinion should not be interpreted as an instruction to the trial court to find that defendant's 2018 net income was $39,200.52 as suggested by defendant.

Additionally, defendant's argument that the trial court disregarded his evidence regarding his income is not persuasive. Defendant presumes that the trial court disregarded this evidence because the evidence was not "reflected" in the trial court's order. This is incorrect. Defendant's evidence demonstrated that the straight-line appreciation for Casey's Excavation was $277,969.

That is the figure used by the trial court in its calculations. Defendant's argument that the trial court disregarded his proffered evidence is factually inaccurate.

Finally, we note that the trial court made a mathematical error in its calculation. In the trial court's written order entered January 24, 2020, the calculation made by the trial court was $285,411 - $72,698. In the trial court's order, the final result of that calculation was $213,713. However, that calculation should have resulted in a total of $212,713.

This matter is remanded to allow the trial court to provide further explanation of the formula that it used to determine defendant's net income and to amend the typographical error in the trial court's calculation. We retain jurisdiction.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michelle M. Rick

# Court of Appeals, State of Michigan

# ORDER

Kathie Ann Adams v Everett Casey Youker

Docket No. 353793

LC No. 14-022604-DP

David H. Sawyer
Presiding Judge

Deborah A. Servitto

Michelle M. Rick
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall provide further explanation of the formula that it used to determine defendant's net income and shall amend the typographical error in the trial court's calculation. The proceedings on remand are limited to these issues.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 27, 2022
Date

_____
Chief Clerk